FILED
2007 Dec-20  PM 01:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE E. ANDERSON, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 2:06-CV-4669-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The plaintiff, Joe E. Anderson, appeals from the decision of the

Commissioner of the Social Security Administration ("Commissioner")

denying his application for Supplemental Security Income ("SSI") and

Disability Insurance Benefits ("DIB").  Mr. Anderson timely pursued and

exhausted his administrative remedies and the decision of the Commissioner

is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Anderson was forty-six years old at the time of the Administrative

Law Judge's ("ALJ") decision, and he has a sixth grade education.  (Tr. at

17, 29.)  His past work experiences include employment as an auto service technician, security guard, auto dealer, sales clerk, line worker at a poultry plant, foundry worker, and a construction laborer.   (Tr. at 17.)   Mr. Anderson claims that he became disabled on October 31, 2000, due to a 1999 on-the-job injury to the neck and back; right carpal tunnel syndrome; depression; s/p hernia repair; hypertension; and chronic back, neck, and right knee pain.  (*Id.*)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).   The first step requires a determination of whether the claimant is "doing substantial gainful activity."   20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).   If he or she is, the claimant is not disabled and the evaluation stops.  *Id.*  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id.*  The decision depends

on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340,

1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the

analysis stops.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise,

the analysis continues to step three, which is a determination of whether

the claimant's impairments meet or equal the severity of an impairment

listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.   20 C.F.R. §§

404.1520(a)(4)(iii),  416.920(a)(4)(iii).  If the claimant's impairments fall

within this category, he or she will be found disabled without further

consideration.  *Id.*  If they do not, a determination on the claimant's

residual functional capacity ("RFC") will be made and the analysis proceeds

to the fourth step.  20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's

impairments prevent him or her from returning to past relevant work.  20

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do

his or her past relevant work, the claimant is not disabled and the

evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the

analysis proceeds to the fifth step.  *Id.*  Step five requires the court to

consider the claimant's RFC, as well as the claimant's age, education, and

past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

If substance abuse is found to be a "contributing factor material to the determination of disability," then the claimant is not considered disabled. 42 U.S.C. § 423(d)(2)(C). In order to find that substance abuse is "material to the determination," it is key to ascertain whether the claimant would still be considered disabled absent the drug addiction or alcoholism.  20 C.F.R.  §§ 404.1535(b)(1), 416.935(b)(1).  If the claimant is not found to be disabled absent the substance abuse, then there is no disability; if the claimant would be disabled without the substance abuse, then the alcoholism or drug abuse is not material to the decision.   20 C.F.R.  §§ 404.1535(b)(2)(i-ii), 416.935(b)(2)(i-ii).

Applying the sequential evaluation process, the ALJ found that Mr. Anderson meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision.  (Tr. at 29.)  He further determined that Mr. Anderson has not engaged in substantial gainful activity since the alleged onset of his disability.  (*Id.*)  According to the ALJ,

Plaintiff's substance abuse problem, depression, hypertension and right knee, neck, and back pain are considered "severe" based on the requirements set forth in the regulations.  (*Id.*)  However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  (*Id.*)  The ALJ did not find Mr. Anderson's allegations to be totally credible, and determined that he has the following residual functional capacity:

> exertionally able to lift twenty pounds occasionally or less; requires bench type of work, if any, where he would not have to do any frequent bending or can sit or stand; restricted in the use of foot controls as set forth by Dr. Lorenza Royal in Exhibit 7F; may have a valid use of a cane; may be illiterate; possible substance abuser reportedly in remission and/or will not interfere with his ability to perform work activity; moderate or less restrictions in all areas as to his ability to cope with the mental demands of the workplace, except when handling complex task and detailed jobs; no episode of decompensation of extended duration.

 (*Id.*)

According to the ALJ, Mr. Anderson is unable to perform any of his past relevant work, he is a "younger individual between the ages of 45 and 49," and he has a "marginal education," as those terms are defined by the regulations.  (*Id.*)  He determined that Plaintiff has "no transferable skills

from any past relevant work." (*Id.*)  The ALJ found that Mr. Anderson has the residual functional capacity to perform a significant range of light work. (*Id.*)  Even though Plaintiff cannot perform the full range of light work, the ALJ used Medical-Vocation Rules 202.16 and 202.18 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as bench work type jobs at the light and unskilled level of exertion, including hand packager and assembler.  (*Id.*) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision."  (*Id.*)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but

applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

Mr. Anderson alleges that the ALJ's decision should be reversed and remanded for one reason.  He argues that the ALJ improperly weighed the opinion of Dr. Thomas McNutt, a VA counseling psychologist who performed a consultative vocational evaluation on the plaintiff.  (Doc. 7 at 7; Tr. at 306.)  The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source.  *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).  Further, a doctor is not considered a treating physician if he examines the claimant for the purpose of a consultative exam.  *McNamee v. Soc. Sec. Admin.*, 164 Fed. Appx. 919, 923 (11th Cir. 2006) (holding that the opinion of a consultative examiner is not entitled to the substantial weight afforded to the opinion of a treating physician).

Moreover, opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational

factors "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."  20 C.F.R. §§ 404.1527(e), 416.927(d).  The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition."  *Lewis*, 125 F.3d at 1440.  Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity.  *See, e.g.*, 20 C.F.R. § 404.1546(c).

Plaintiff contends that, "[a]lthough the ALJ summarized the finding of Dr. McNutt in the body of his decision, he provided absolutely no rationale for rejecting the opinion of the examiner."  (Doc. 7 at 8.)  In his December 12, 2003, report, Dr. McNutt observed that the plaintiff scored in the mild cognitive impairment range, and that he was "moderately impaired" responding to "supervision and co-workers on the job," but was "markedly impaired" in following "work instructions other than extremely simple, concrete routine instructions."  (Tr. at 306.) Further, Dr. McNutt stated

that, "severe physical and psychiatric problems prevent [Plaintiff] from being able to meet the demands of work on a sustained basis in a competitive work environment . . . [and] is not employable." (Tr. at 306-07.)   The ALJ did not fail to explain his rationale for giving the opinion of Dr. McNutt less weight, nor did he completely reject his opinion.  Discussing the opinion of Dr. McNutt, the ALJ stated that: "As to the [December 2003] assessment by Dr. Thomas H. McNutt . . . the undersigned finds that claimant does have a mental impairment, however, that assessment does not appear to take into account that claimant's impairment is likely exacerbated by his continuous alcohol and drug use." (Tr. at 27.)  The ALJ considered the opinion of Dr. McNutt regarding the plaintiff's mental impairment, but determined that his failure to properly discuss the role of substance abuse rendered it inconsistent with the rest of the medical record. (*Id.*)  Additionally, the opinion of Dr. McNutt that the plaintiff is unemployable is a legal conclusion which is reserved for the Commissioner and does not constitute a medical opinion binding on the ALJ.  20 C.F.R. §§ 404.1527(e), 416.927(d).  Because Dr. McNutt was a consultative examiner, and not a treating physician for the plaintiff, the ALJ is not required to give

substantial weight to his opinion as he would to a treating physician.  *See* 20

C.F.R.  404.1527(d)(2),  416.927(d)(2);  *See, e.g., McNamee v. Soc. Sec.*

*Admin.*, 164 Fed. Appx. 919, 923 (11th Cir. 2006).  Further, Plaintiff cites no

law supporting his position that the opinion of a consultative examiner

should be viewed in the same light as a treating physician simply because

the examiner works in the same hospital where the plaintiff receives

treatment.  For these reasons, the ALJ was justified in giving less weight to

the opinion of Dr. McNutt, the consultative vocational evaluator.

IV.    Conclusion.

Upon review of the administrative record, and considering all of Mr.

Anderson's arguments, the Court finds the Commissioner's decision is

supported by substantial evidence and in accord with the applicable law.

A separate order will be entered.

Done this <u>19th</u> day of <u>December 2007</u>.

_____

L. SCOTT COOGLER

UNITED STATES DISTRICT JUDGE

124153